DOA: 4/15/2026

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| United States of America | Case No.: **26-01296MJ** |
|---|---|
| v. | **CRIMINAL COMPLAINT** **(Electronically Submitted)** |
| No Name Given Gagan | |

I, Miguel A. Barron Jr., the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

### COUNT 1 (Transportation of Child Pornography)

On or about April 11, 2026, in the District of Arizona, Defendant No Name Given Gagan, did knowingly transport a visual depiction that involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct.   The visual depiction had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.   The files transported included the following:

File 1:  Associated with date 4/8/2026 at 1911 hours (22 seconds)
File 2:  Associated with date 12/12/25 at 1246 hours (1 min. 41 seconds)
File 3:  Associated with date 12/12/25 at 1246 hours (1 min. 15 seconds)
File 4:  Associated with date 12/9/25 at 1750 hours (46 seconds)

In violation of Title 18, United States Code, Sections 2252(a)(1), (b)(1), and 2256. See Attachment A.

### COUNT 2   (Knowing Possession and Access with Intent to View Child Pornography)

On or about April 11, 2026, in the District of Arizona, Defendant No Name Given Gagan, did knowingly possess and access with intent to view 1 or more matter which contains a visual depiction that has been mailed, or shipped or transported, using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported by any means including by computer if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.   The visual depictions in this case involved a minor under age 12.     Some examples of files possessed within a social media platform include:

File 1:  Associated with date 4/8/2026 at 1911 hours (22 seconds)
File 2:  Associated with date 12/12/25 at 1246 hours (1 min. 41 seconds)
File 3:  Associated with date 12/12/25 at 1246 hours (1 min. 15 seconds)
File 4:  Associated with date 12/9/25 at 1750 hours (46 seconds)

In violation of Title 18, United States Code, Sections 2252(a)(4)(B), (b)(2), and 2256. See Attachment A.

I further state that I am a Task Force Officer working with Special Agent from the HSI and that this complaint is based on the following facts: **See Attached Statement of Probable Cause Incorporated By Reference Herein.**

Continued on the attached sheet and made a part hereof:    ☒Yes    ☐ No

AUTHORIZED BY: *s/Gayle L. Helart*, AUSA    *Gayle L. Helart*    Digitally signed by GAYLE HELART
Date: 2026.04.15 17:28:40 -07'00'

Miguel A. Barron Jr., TFO, HSI

Name of Complainant

MIGUEL A BARRON    Digitally signed by MIGUEL A BARRON
Date: 2026.04.15 16:51:40 -07'00'

Signature of Complainant

Telephonically Sworn to and subscribed

4/16/2026    at    Yuma, Arizona

Date    City and State

HONORABLE JAMES F. METCALF
United States Magistrate Judge

Name & Title of Judicial Officer    Signature of Judicial Officer

## Attachment A

## Statutes

**Count 1:  Transportation of Child Pornography.**  In summary, it is a violation under 18 U.S.C. § 2252(a)(1) to knowingly transport a visual depiction that involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct if the visual depiction had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

A violation of 18 U.S.C. § 2252(a)(1), (b)(1), and 2256 is punishable by 5-20 years, $250,000, and between 5 – lifetime supervised release.

**Count 2:  Possession and Access to View Child Pornography**.  In summary, it is a violation under 18 U.S.C. § 2252(a)(4)(B) to knowingly possess or access with intent to view, 1 or more matter which contain any visual depiction that has been mailed, shipped, or transported using any means or facility of interstate or foreign commerce or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct. In this case, the offense involves a minor under the age of 12.

A violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2), and 2256 is punishable by 0-20 years,  $250,000, and between 5 – lifetime supervised release.

**ATTACHMENT B**

**ELECTRONICALLY SUBMITTED STATEMENT OF PROBABLE CAUSE**

I, Miguel A. Barron Jr., Task Force Officer with Homeland Security Investigations (HSI), being duly sworn, depose and state as follows, to wit:

**<u>INTRODUCTION</u>**

1. I am a Task Force Officer with Homeland Security Investigations assigned to the Border Enforcement Security Task Force Group/Joint Port Enforcement Group in Yuma, Arizona, which focuses on the importation of controlled substances on the Southwest Border, as well as illicit proceeds being smuggled into Mexico. I have been an Officer with the Department of Homeland Security ("DHS"), United States Customs and Border Protection ("CBP"), since November 2019. I am cross-designated and have the authority to conduct, among other things, investigation and enforcement activities under federal statutes in Title 8, Title 18 and Title 21. I have been involved with investigations for Title 21 offenses where I have worked closely with other agencies, including the U.S. Drug Enforcement Administration and multiple state and local agencies. I am also cross certified by the Yuma County Sheriff's Office as an Arizona State Peace Officer in Yuma County, Arizona. Prior to my employment as a Federal Officer with CBP, I was a police officer in the state of Arizona with the San Luis Police Department for approximately 16 years from August 2002 through November 2019, where I investigated a variety of state crimes such as assault, narcotics, fraud, and assisted other state and Federal agencies with their criminal investigations.

2. The facts contained in this affidavit are based upon my investigation of this case including information provided to me by law enforcement officers and other persons in connection with the investigation into violations of 18 U.S.C. §§ 2252(a)(1) (Transportation of Child Pornography) and 2252(a)(4)(B) (Possession and Access with Intent to View Child Pornography).

3. I believe I have included facts more than sufficient to establish probable cause for the federal arrest of a person with the name of "No Name Given" for the first name, and "Gagan" for the last name, DOB XX/XX/2000 (full DOB known to me) who was detected possessing child pornography after he was contacted by Border Patrol officials driving a vehicle. I am aware of

1

the definition of federally chargeable child pornography as it is defined in 18 U.S.C. § 2256, and I am aware that child pornography is also referred to as CSAM, or Child Sexual Abuse Material.

### DETAILS OF THE INVESTIGATION

4. On April 11, 2026, at approximately 03:05 p.m., United States Border Patrol (USBP) Agents assigned to Wellton, Arizona Border Patrol Station, were conducting roving patrol duties, in the Wellton area of operations, on Interstate 8 (I-8). During this patrol, BP Agent (BPA) J. Brania, while parked on the median of I-8 in a marked patrol vehicle, encountered a white 2023 18-wheeler Semi trailer, bearing a paper license plate (T57578), henceforth "Target Vehicle," traveling eastbound on I-8, near mile marker 41.

5. Based on the training and experience of law enforcement working in this area, I-8 is a known direct route taken by individuals engaging in criminal activity between two major cities that have been determined to be source cities, those cities being Phoenix, Arizona and Los Angeles, California. Source cities are distribution hubs heavily used by smugglers to transport narcotics, bulk currency, smuggled aliens and other contraband to different locations in the United States. Smugglers take this route to circumvent law enforcement efforts on Interstate 8.

6. The Target Vehicle passed in front of the marked USBP vehicle. BPA J. Brania conducted an immigration inspection of the Target Vehicle, due to the paper license plate appearing to be taped to the back door of the semi-trailer which appeared to be written with a pen. Based on previous experience BPA J. Brania has arrested illegal aliens who drive semis with fictitious license plates on the back of the trailer.

7. The Target Vehicle yielded on Interstate 8 eastbound near mile marker 46. During the inspection, the driver of the semi-trailer, stated he was a citizen of India and did not present any immigration documentation allowing him to be in the United States legally. The defendant was transported to the Wellton Border Patrol Station and later transferred to the Yuma Border Patrol Station for further immigration processing. The driver presented the California Driver's License as identification as seen below:

2



8. On April 12, 2026, at approximately 07:56 a.m., BPA Lozada and BPA I. Singh, both assigned to the tactical threat response team (TTRT), conducted a screening interview of GAGAN, to screen for any results involving any criminal activity. BPA Singh is fluent in the Hindi language and communicated with GAGAN during this time to ensure GAGAN understood the events happening. During the interview, GAGAN was provided with a consent to search form in the Hindi language, for the cell phone, to which he acknowledged and signed. GAGAN provided the cell phone passcode, and biographical face scan. During the initial search of the cell phone, and interview, no negative information was found. USBP ended the interview, and escorted GAGAN to a holding cell while further investigative steps happened.

3

9. On April 14, 2026, USBP extracted the data from GAGAN's phone. During the search of this data, agents observed suspected child pornography on the phone in the WhatsApp application and also on the phone. The phone also contained adult pornography files. [Note: The review of contents, including numbers of files, remains ongoing.] BPA Lozada observed portions of some of the videos, which appeared to be minors involved in sex acts, and stopped his review.

10. On April 14, 2026, at approximately 10:30 a.m., I received a phone call from BPA Lozada and was advised of his findings. I responded to the location to further investigation the possible illegal files of children and GAGAN's illegal status within the United States.

11. HSI SA Herrera and I arrived at Yuma Border Patrol Station and met with BPA Lozada. I also observed portions of the suspected child pornography videos to determine whether they showed illegal contents. Specifically, I observed a video that showed a boy who lied down on top of a female and appeared to engage in sexual intercourse with her.

12. At approximately 03:17 p.m., HSI SA Herrera, BPA Lozada, and BPA I. Singh, still serving as a Hindi translator, and I, conducted a custodial interview of GAGAN. I read GAGAN his *Miranda* rights with a written form, in the English language with the assistance of translation from BPA Singh. GAGAN indicated he understood what was read to him aloud and agreed to answer questions from agents at this time. Agents began asking GAGAN about his current employment as a truck driver. I asked GAGAN if the phone belonged to him, to which he acknowledged it did. TFO Barron asked GAGAN if he would still allow agents to search through his phone at this time, as GAGAN previously provided USBP with written consent to search written in the Hindi language. GAGAN verbally consented for agents to search his phone again. GAGAN was provided his phone for him to enter his passcode, which he did.

13. GAGAN stated that this was his phone, but some friends do have access to his phone while he is at home in Fresno, California. GAGAN indicated he left Fresno, California on April 10, 2026, and drove to Yuma, AZ arriving on April 11, 2024. GAGAN has been in possession of his cell phone since leaving Fresno, CA. GAGAN was asked if there was anything the cell phone that we needed to know about. GAGAN said, "no." GAGAN was told there were videos and pictures on his cellphone that he should not have on his phone. GAGAN stated that he does

4

not know how to send text messages or chat in English. GAGAN was told the chats were not in the English language, but in his native Hindi language. GAGAN changed his story and further stated that he knows how to read them but does not know how to send messages. GAGAN was shown a WhatsApp group chat titled "Indian Daddy". GAGAN told investigators that he was added to that group chat a long time ago. GAGAN admitted having looked at this group chat and admitted having seen the chat on April 11, 2026. GAGAN stated that the videos were wrong and did not know they were illegal. GAGAN was asked if he knew what was wrong from right. GAGAN said "yes."   GAGAN was asked if the images were right or wrong. GAGAN said, "they are wrong". GAGAN admitted to opening images and on his cell phone. GAGAN stated that sometimes he sees them, but at times he swipes them away. GAGAN stated that some videos do open and some do not. GAGAN stated that he got automatically joined, but on the Indian Daddy chat documents are downloaded to the chat titled "Kids Porn."   GAGAN stated he was offered to join the group chat a long time ago. GAGAN admitted that when he was added to the group chat, he knew what type of content was shared in the group chat.

Agents concluded their interview at approximately 03:53 p.m. BPA Lozada escorted GAGAN back to a holding cell.

14. At approximately 05:37 p.m. I conducted a search of cell phone and found videos within a WhatsApp group chat titled "Indian Daddy." Some examples of what I saw within this application are described below (with ages of the minors estimated by me):

- Video in a WhatsApp chat group "Indian Daddy" that was dated 4/8/2026 at 1911 hours. This 22 second video showed a boy, who looked no older than 10, standing while a young female (indeterminate age) pulled down the boy's underwear.   The female was laying on a bed.   The boy lays on top of her and she guides his penis into her vaginal area appearing to show him how to perform sexual intercourse.

- Video in WhatsApp chat group "Indian Daddy" that was dated 12/12/25 at 1246 hours. This 1 minute, 46 second video showed a boy, who looked no older than 10, performing oral sex on an adult man while both were sitting.   The adult man fingered the boy's anus area.

5

- Video in WhatsApp chat group "Indian Daddy" that was dated 12/12/25 at 1246 hours. This 1 minute, 15 second video showed an adult man performing anal intercourse on a boy who looked no older than 12 as the boy lied face down on a bed.
- Video in WhatsApp chat group "Indian Daddy" that was dated 12/9/25 at 1750 hours. This 46 second video showed a boy who looked no older than 10 performing sexual intercourse with a young female (age indeterminate) while she leans toward a bed.

## CONCLUSION

15.    Based on the foregoing, there is probable cause to believe that "No Name Given Gagan" violated 18 U.S.C. § 2252(a)(1) (Transportation of Child Pornography) and § 2252(a)(4)(B) (Possession and Access with Intent to View Child Pornography) as detailed herein.   GAGAN was first detained on an immigration hold as he is unlawfully present in the United States and was arrested by HSI agents on April 15, 2026.

Respectfully submitted,

MIGUEL A BARRON

Digitally signed by MIGUEL A BARRON
Date: 2026.04.15 16:54:06 -07'00'

Miguel A. Barron Jr.
Task Force Officer
Homeland Security Investigations

Telephonically subscribed and sworn before me this __16th__ of April, 2026.

Honorable James F. Metcalf
United States Magistrate Judge

6